Tami PAGE, Plaintiff—Appellant,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA; Universal Studios Inc. Long Term Disability Plan, Defendants—Appellees.

No. 07–55486.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Nov. 3, 2008.

Lisa S. Kantor, Esquire, Managing Senior Counsel, Kantor & Kantor LLP, Northridge, CA, for Plaintiff–Appellant.

Michael B. Bernacchi, Esquire, Daniel William Maguire, Esquire, Burke Williams & Sorensen, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: CALLAHAN and IKUTA, Circuit Judges, and SHADUR,* District Judge.

### MEMORANDUM **

Page's long-term disability plan imposed a 24–month limitation on benefits for conditions "caused by, or contributed to by," anxiety disorders, mental illness, or depressive disorders, among other things. The district court's conclusion that Page's "condition was caused by or contributed to by anxiety, depression and/or mental illness" is not clearly erroneous. *See* Fed. R.Civ.P. 52(a)(6); *Deegan v. Continental Cas. Co.,* 167 F.3d 502, 509 (9th Cir.1999). Doctors Sperling, Yamane, Gill, Benincasa,

and Mekjian all concluded that Page was disabled, at least in part, as a result of mental illness or depression. Although Page places particular weight on Mekjian's report, that report likewise concluded that Page was disabled due to both psychiatric and neuropsychological conditions.

In reaching its conclusion, the district court did not err in giving little weight to medical opinions regarding Page's physical conditions that were predicated on Page's self-reported symptoms. The district court adopted this approach because it found that her "subjective complaints are inconsistent and lack credibility" and that "[t]he medical records contained only minor objective findings." These findings are not clearly erroneous.

In light of the district court's findings, we agree with the district court's conclusion that LINA's decision to terminate Page's benefits after 24 months did not violate the terms of the long-term disability plan under either a de novo or an abuse-of-discretion standard of review.

Because we would reach the same conclusion under either standard of review, we need not address the question whether the de novo or abuse-of-discretion standard of review is applicable. Nor need we address Page's argument that she was entitled to de novo review because LINA's conduct in administering her claim was inappropriate, or her argument that the district court erred in denying her discovery requests to obtain further information about LINA's claims processing procedure. "If de novo review applies, no further preliminary analytical steps are required. The court simply proceeds to evaluate whether the plan administrator

---

\* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

correctly or incorrectly denied benefits, without reference to whether the administrator operated under a conflict of interest." *Abatie v. Alta Health & Life Insur. Co.,* 458 F.3d 955, 963 (9th Cir.2006). Nothing in the Supreme Court's recent opinion in *Metropolitan Life Ins. Co. v. Glenn,* — U.S. ——, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008) (which *Abatie* anticipated as to the conflict-of-interest analysis) is at odds with this simplifying approach.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.